## NATIONAL WILDLIFE FEDERATION

### v.

### John O. MARSH, Jr., in his official capacity as Secretary, Department of the Army, et al.

### North Dakota State Water Commission, Appellant.

### No. 80–1391.

United States Court of Appeals, District of Columbia Circuit.

Submitted on Briefs Feb. 5, 1981.

Decided Sept. 30, 1981.

---

Murray G. Sagsveen, Sol., Office of Atty. Gen. of State of N. D., Bismarck, N. D., and Frederick L. Miller, Jr., Sp. Asst. Atty. Gen., Washington, D.C., were on the brief for appellant.

Kenneth S. Kamlet, Washington, D.C., was on the brief for appellee National Wildlife Federation.

James W. Moorman, Asst. Atty. Gen., Robert L. Klarquist, Mark Sussman, and Jerry Jackson, Attys., U. S. Dept. of Justice, Washington, D.C., were on the brief for appellees Secretary of the Army, et al. Dirk D. Snel, Atty., U. S. Dept. of Justice, Washington, D.C., also entered an appearance for appellees Secretary of the Army, et al.

Before WRIGHT and TAMM, Circuit Judges, and JOYCE HENS GREEN,* United States District Judge for the District of Columbia.

Opinion for the court filed by Circuit Judge TAMM.

TAMM, Circuit Judge:

In this appeal the North Dakota State Water Commission (Commission) and the Army Corps of Engineers (Corps) challenge the grant of declaratory relief to plaintiff National Wildlife Federation (Federation). In that grant the district court ordered that the regulations promulgated under section 10 of the Rivers and Harbors Appropriation Act of 1899 be revised. Because we find that the district court exceeded its authority in ordering such relief in the absence of a specific factual context, we reverse and remand with a direction that the complaint be dismissed.

The facts of this case are set out in some detail in *National Wildlife Federation v. Alexander,* 613 F.2d 1054 (D.C.Cir.1979). There we held that Devils Lake, a natural lake wholly within North Dakota, was not a navigable water of the United States within the meaning of section 10 of the Rivers and Harbors Act of 1899, 33 U.S.C. § 403 (1976). Because our decision on that appeal is directly related to the matter in controversy on this appeal, we review briefly the circumstances leading to that decision.

At issue in this litigation initially was the failure of the Army Corps of Engineers to assert jurisdiction over a project undertaken by the Commission, denominated the Channel "A" project, that involved the construction of a concrete ditch designed to drain excess surface water into Devils Lake. Although agreeing with the Federation that Devils Lake was a navigable water of

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a) (1976).

the United States, the Corps "declined to exercise jurisdiction over the project because its regulations provided that the permit requirement in section 10 would apply to work occurring outside the water itself only if it would 'affect the course, location, or condition of the waterbody in such a manner as to impact on the navigable capacity of the waterbody.' 33 C.F.R. § 322.-3(a)(1) (1978)." 613 F.2d at 1056. The Federation challenged this interpretation of section 10's requirements, asserting that manmade channels and ditches that affected a navigable water's condition or capacity in ways other than impairing its navigability fell within the ambit of section 10. The district court decided that Devils Lake was a navigable water and that the Federation's interpretation of section 10 was correct. *National Wildlife Federation v. Alexander,* No. 77–1687 (D.D.C. Aug. 18, 1978). On appeal, this court reversed as to the status of Devils Lake, but stated that, because the federal defendants had not appealed, a decision on whether section 10 governed activities outside the water that affected the water's condition in ways other than navigability would be an "advisory opinion." 613 F.2d at 1066 n.23.

Upon remand, the Commission filed a motion to dismiss, alleging that the district court lacked subject matter jurisdiction as a result of this court's action. Joint Appendix (J.A.) at 31–37. The Government apparently took no position on this motion initially, noting only that it "may have merit." *Id.* at 38. Plaintiff opposed the motion and requested that the court's order, granting declaratory relief and calling for revision of Corps regulations in two respects, be left standing. *Id.* at 39–44. The Federation argued to the district court that its attack encompassed not only the Channel "A" project but also the facial defectiveness of the Corps' "nationwide Section 10 regulations, wholly apart from the effect of these regulations on the Channel 'A' project."

J.A. at 41. The district court, relying upon *National Wildlife Federation v. Snow,* 561 F.2d 227 (D.C.Cir.1976), denied the motion to dismiss and issued an order that restated in substance that part of its order not reached by this court's initial decision—that is, the portion interpreting section 10. *National Wildlife Federation v. Alexander,* No. 77–1687 (D.D.C. Feb. 29, 1980). The Commission and the Government appealed.

The parties attempt to categorize the decision to be made here either as one of "ripeness" or "mootness." We see no reason, however, to pigeonhole our decision in this case into any specific category of nonjusticiability. We believe that "we should exercise our 'judicial discretion to dismiss the action without a determination on the merits'...." *Wilderness Society v. Morton,* 479 F.2d 842, 886 (D.C.Cir.) (en banc), *cert. denied,* 411 U.S. 917, 93 S.Ct. 1550, 36 L.Ed.2d 309 (1973) (quoting *Davis v. Ichord,* 442 F.2d 1207, 1217 (D.C.Cir.1970) (Leventhal, J., concurring)). *Cf. Riegle v. Federal Open Market Committee,* 656 F.2d 873 (D.C. Cir.1981) (courts should analyze question of standing of congressional plaintiffs to bring suit under a doctrine of "circumscribed equitable discretion"). We hold only that, on the facts of this case in its unusual posture, the district court erred in reaching any aspect of the merits in the absence of a specific factual context.

The scope of relief granted by the trial court cannot affect our analysis. Here the court wisely left a certain amount of discretion in the Corps to promulgate the necessary regulations. Even such a narrow ruling, however, sends a clear signal to the Federation and others that the adequacy of the regulations promulgated by the Corps under this statute will be judged by federal courts despite the absence of a specific factual context. We find it necessary to take this opportunity to correct this misconception.[1]

1. The National Wildlife Federation has made plain the possibility of further litigation of this issue. "If the Corps abuses its discretion and issues revised regulations which are excessively vague or which fail to strike a permissible balance 'between the public interest in protecting navigable waters and the Corps' ability to effectively administer a permit program' (Brief [for appellant Corps], at 10), that may furnish grounds for additional litigation." Brief for Appellee at 17.

The Federation contends that the merits of this case are ripe for review, arguing that the two-pronged test set forth in *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), has been met. Even under this test, however, we find that judicial intervention is unwarranted and unwise. The test set out in *Abbott Laboratories* requires the evaluation of "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 149, 87 S.Ct. at 1515. We agree initially with the Federation that the issue as it is presented here is largely one of law. As this court stated on a prior occasion, however, characterization of an issue as legal does not end this inquiry. *Diamond Shamrock Corp. v. Costle*, 580 F.2d 670, 674 (D.C. Cir.1978). As the Supreme Court made plain in *Toilet Goods Association v. Gardner*, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967), a companion case to *Abbott Laboratories*, other considerations may outweigh the "legal" nature of the question presented. *Id.* at 163, 87 S.Ct. at 1524. Here we believe that the value of adjudging the merits of this dispute in a specific factual context is of prime importance. If the proper scope of a permit program under this statutory provision is to be adjudicated in federal court, the existence of a specific context is necessary for a court to consider all of the relevant factors implicated by the regulatory program on other than an abstract level.

Our decision today inflicts no undue hardship upon appellee. Indeed, as the Government rightly indicates, should there exist a body of water "threatened by the supposed gap between the regulations and Section 10, it is incumbent upon the [Federation] to identify the specific situation before proceeding with the litigation." Brief for Corps at 7. This lack of hardship serves to distinguish *National Wildlife Federation v. Snow*, 561 F.2d 227 (D.C.Cir.1976), relied upon by the district court. There the issue was the legality of regulations "permitting advance acquisition of highway right of way parcels, without any public hearing on issues of location or any environmental impact statement . . . ." *Id.* at 229. The court noted that "[t]he allegation that advance acquisitions will subjectively undermine the effectiveness of subsequent public hearings and environmental analysis is not one predictably susceptible to proof in a particular highway approval process." *Id.* at 236. In that case, unlike here, "[a]ppraisal of the statutory requirements will not be enhanced by a factual record." *Id.*

Throughout this litigation it has been clear that the Corps of Engineers is not adverse "to undertaking the effort of clarifying the scope of Section 10 and the permit regulations." Brief for Corps at 10. The Government represents, moreover, that this problem "is presently under study." *Id.* We would encourage administrative rulemaking on this matter, believing such a procedure offers an efficacious means of resolving the problem in light of the public interest. Judicial intervention in this dispute, however, absent a specific factual context, neither helps to illuminate the problem nor serves the interest shared by all in a wise resolution of the question. The judgment of the district court is therefore reversed and the case remanded with a direction that the complaint be dismissed.

*It is so ordered.*